**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1518
_____

TYLER BRENDON MILLER,
Appellant

v.

COMCAST, (Universal Pictures), (NBC), (NBC Universal)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05564)
District Judge:  Honorable Gerald A. McHugh

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 24, 2018
Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: May 25, 2018)
_____

OPINION*
_____

PER CURIAM

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Tyler Brendon Miller appeals from the District Court's order dismissing his complaint with prejudice and without leave to amend. For the reasons discussed below, we will affirm.

In his complaint, Miller alleges that Comcast has "use[d] [him] in movies, TV shows, music and commercials" without his permission, and that Comcast is engaged in a campaign to portray him "in the worst possible light" and "ruin [his] life." D. Ct. Dkt. No. 1 at 6. Specifically, he alleges that Comcast "literally tr[ies] to cast [him] as a villain in their movies, and turn America against [him]," and that the film "Despicable Me" was a "direct hit towards" him and that the movie "Happy Death Day" was an attempt to "ruin [his] birthday." Id. Miller additionally alleges that Comcast followed his now deactivated Twitter account and then conspired with his phone carrier to spy on him through his phone, and that Comcast is "trying to get people to kill [him]." Id. Miller also contends that Comcast's actions have caused him "severe emotional distress" and that he has been "diagnosed with a panic disorder." Id. at 7. He brings a Pennsylvania state law claim of intentional infliction of emotional distress against Comcast and seeks recovery of 18 million dollars for "years['] worth of damages" resulting from Comcast "making money off [his] pain and suffering." Id.

Comcast filed a motion to dismiss Miller's complaint. The District Court granted the motion and issued an order dismissing the complaint with prejudice and without leave to amend. Miller appeals.

2

The District Court had diversity jurisdiction under 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order granting Comcast's motion to dismiss. Grier v. Klem, 591 F.3d 672, 676 (3d Cir. 2010). In reviewing the dismissal under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A court may grant a motion to dismiss under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [it] finds that [the] plaintiff's claims lack facial plausibility." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

A claim for intentional infliction of emotional distress under Pennsylvania law requires four elements: "(1) the conduct must be extreme and outrageous; (2) the conduct must be intentional or reckless; (3) it must cause emotional distress; and (4) the distress must be severe." Bruffett v. Warner Commc'ns, Inc., 692 F.2d 910, 914 (3d Cir. 1982).

We agree with the District Court that Miller did not state a plausible claim for intentional infliction of emotional distress. His claim is facially implausible as it is based on vague and conclusory allegations that Comcast has released films, television shows, music, and commercials portraying him negatively, and that Comcast is otherwise spying on him through his phone and is attempting to have him murdered. Moreover, even if Miller's accusations that Comcast intentionally tried to cast him in a negative light were

3

plausible, it would not meet the standard of extreme and outrageous required under Pennsylvania law.  See Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998) (explaining that to rise to the level of extreme and outrageous for purposes of a claim for intentional infliction of emotional distress the conduct alleged must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society").  Further, under the circumstances of this case, the District Court did not abuse its discretion in dismissing Miller's complaint without leave to amend.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the District Court's order dismissing Miller's complaint with prejudice and without leave to amend.